IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AHMED HAMDY ABDALLAH,**  Case No. 1:22:cv-00333

    **Plaintiff,**

v.  JUDGE PAMELA A. BARKER

**MERRICK GARLAND, et al.,**

    **Defendants.**  MEMORANDUM OPINION & ORDER

This matter is before the Court upon the Motion to Remand to the United States Citizenship and Immigration Services ("USCIS") for Adjudication of Defendants Merrick Garland, Attorney General of the United States; Alejandro Mayorkas, Secretary of the Department of Homeland Security; Brian Spalter, Acting District Director of USCIS; Ur M. Jaddou, Director of USCIS; Karyn Zarlenga, Cleveland Field Office Director, USCIS; and Christopher Wray, Director of the Federal Bureau of Investigation ("FBI," collectively "Defendants") filed on May 6, 2022 ("Defendants' Motion"). (Doc. No. 10.) On May 18, 2022, Plaintiff Ahmed Hamdy Abdallah ("Plaintiff") filed an Opposition to Defendants' Motion ("Plaintiff's Opposition") (Doc. No. 11), to which Defendants replied on June 15, 2022 (Doc. No. 13), and then filed a corrected Reply on June 16, 2022 ("Defendants' Reply") (Doc. No. 14).

For the reasons set forth herein, Defendant's Motion is GRANTED.

**I.  Background**

Plaintiff alleges the following facts. Plaintiff is a native and citizen of Egypt and has been a lawful permanent resident of the United States since November 16, 2017. (Doc. No. 1 at 1.) On September 2, 2020, Plaintiff filed his Application with USCIS to become a citizen of the United

States.¹ (*Id.* at 4; Doc. No. 1-2.) In support of his Application, Plaintiff submitted payment to USCIS in the amount of $725. (Doc. No. 1 at 4.) The check was cashed on August 28, 2020. (Doc. No. 1-3.) USCIS then conducted an investigation into Plaintiff's Application. (Doc. No. 10-1.)

On March 12, 2021, Plaintiff attended an interview in connection with his Application at the USCIS Cleveland Field Office. (Doc. No. 1 at 4; Doc. No. 1-4.) Plaintiff received a "Naturalization Interview Results" form that stated a decision could not yet be made about Plaintiff's Application. (Doc. No. 1-5.) The form further stated: "Be advised that under section 336 of the Immigration and Nationality Act (INA), you have the right to request a hearing . . . before the U.S. district court if USCIS has not made a determination on your application within 120 days of the date of your examination." (*Id.*)

On July 29, 2021, Plaintiff, through counsel, submitted an inquiry to USCIS as more than 120 days had passed since his interview. (Doc. No. 1 at 4.) On August 4, 2021, USCIS responded to Plaintiff's counsel's inquiry stating:

> According to USCIS records, the security checks are still pending. Until these checks are completed, we cannot move forward on your case. We cannot speculate about when the background checks will be completed but, we will make every effort to make a decision on your case as soon as the security checks are complete.

(Doc. No. 1-6.) Then, on September 3, 2021, Plaintiff sought assistance with his application through Senator Sherrod Brown's office. (Doc. No. 1 at 5.) Plaintiff received an automated response to fill out a Request for Assistance form, which he completed and sent to Senator Brown's office on September 7, 2021. (*Id.*) Plaintiff did not receive any further communication from Senator Brown's office. (*Id.*)

---

¹ While Plaintiff alleges in his Complaint that he submitted his Application on September 2, 2020 (Doc. No. 1 at 4), the Court notes that the Application lists a "Received Date" of August 20, 2020 (Doc. No. 1-2).

2

On October 22, 2021, Plaintiff, through counsel, submitted a request for case assistance to the Office of the Citizenship and Immigration Services Ombudsman ("Ombudsman") to determine the status of his Application. (*Id.*) On October 27, 2021, the Ombudsman contacted USCIS regarding the Application. (Doc. No. 1-11.) On October 28, 2021, the Ombudsman notified Plaintiff's counsel that the USCIC indicated that Plaintiff's case was "under active review." (Doc. No. 1-10.) The Ombudsman further stated: "USCIS was unable to provide a specific timeframe for resolution of the case. Our office will continue to monitor USCIS' progress on a regular basis until there is a specific action or resolution. We will notify you when we receive an update from USCIS." (*Id.*) Plaintiff received no further correspondence from USCIS regarding his Application. (Doc. No. 1 at 5.)

On March 1, 2022, Plaintiff filed a Complaint in this Court seeking a Writ of Mandamus under 28 U.S.C. § 1361, and alternatively, Declaratory Judgment under 8 U.S.C. § 1447(b). (Doc. No. 1 at 1.) Plaintiff's Complaint alleges that Defendants have failed to make a decision on Plaintiff's Application after approximately 350 days from his interview in connection with his Application in violation of 8 U.S.C. § 1447(b) and 5 U.S.C. § 555(b). (Doc. No. 1 at 6-7.) As such, Plaintiff seeks a (1) "writ of mandamus compelling Defendants to take all appropriate action to promptly complete all required security checks, and adjudicate Plaintiff's Application;" (2) declaratory judgment declaring that certain Defendants' delayed adjudication of Plaintiff's Application violates 5 U.S.C. § 555(b); and (3) declaratory judgment declaring that Defendant Wray's failure to complete the FBI background checks within a reasonable time violates 5 U.S.C. § 555(b). (Doc. No. 1 at 8.)

On May 6, 2022, Defendants filed the instant Motion to Remand the matter to USCIS so the agency can proceed to adjudicate Plaintiff's Application. (Doc. No. 10.) After the filing of the Motion to Remand, on May 16, 2022, USCIS re-interviewed Plaintiff. (Doc. No. 11 at 1.) Plaintiff

3

opposed the Motion to Remand on May 18, 2022. (Doc. No. 11.) Defendants filed a Reply on June 15, 2022 (Doc. No. 13), and a Corrected Reply on June 16, 2022 (Doc. No. 14). According to Defendants, USCIS is now working on preparing a Notice of Intent to Deny Plaintiff's Application. (Doc. No. 14-1 at 2.)

## II.  Legal Standard

According to 8 U.S.C. § 1446(a):

> Before a person may be naturalized, an employee of the Service, or of the United States designated by the Attorney General, shall conduct a personal investigation of the person applying for naturalization in the vicinity or vicinities in which such person has maintained his actual place of abode and in the vicinity or vicinities in which such person has been employed or has engaged in business or work for at least five years immediately preceding the filing of his application for naturalization.

8 U.S.C. § 1446(a). Then, under 8 U.S.C. § 1447(b), "[i]f there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted[,] . . . the applicant may apply to the United States district court . . . for a hearing on the matter." *Id.* at § 1447(b). The district court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter." *Id.*

## III.  Analysis

Defendants argue the Court should remand this case to USCIS for three reasons. (Doc. No. 10.) First, Defendants argue a remand will provide Plaintiff with an expeditious decision on his Application, as well as allow him an opportunity to address derogatory information in his Notice of Intent to Deny, which Defendants claim USCIS is now working to prepare. (*Id.* at 4; Doc. No. 14 at 1-2.) Second, Defendants argue the Court should remand this case to allow USCIS to utilize its institutional expertise and resources to render a decision on Plaintiff's Application in the first

instance, and then allow Plaintiff judicial review of his naturalization claim thereafter. (Doc. No. 10 at 4; Doc. No. 14 at 2.) Third, Defendants argue the Court should remand this case to preserve judicial resources. (Doc. No. 10 at 5.) If remanded, the Court would not have to review Plaintiff's Application in the first instance, but rather would allow for a final agency decision and a fully-developed administrative record should Plaintiff seek de novo judicial review under 8 U.S.C. § 1421(c) after USCIS issues its decision. (*Id.*)

Plaintiff opposes Defendants' Motion for Remand. (Doc. No. 11.) Plaintiff argues that Defendants are merely seeking to further delay Plaintiff's Application as Defendants claim they may need to conduct further investigation into Plaintiff's Application after remand. (*Id.* at 2.) Plaintiff argues that remanding the case to USCIS would do nothing to ensure that Defendants will make a timely decision on Plaintiff's Application. (*Id.* at 3.) Plaintiff asks the Court to determine the merits of Plaintiff's Application, or, in the alternative, remand Plaintiff's Application to the USCIS with an imposed deadline for USCIS to make a decision regarding Plaintiff's Application. (*Id.* at 4.)

While "'neither the statute nor its implementing regulations offer direction about the factors a court should consider when determining whether to remand or retain the action[,]' courts have broad discretion in this regard." *Yan Wu v. Rodriguez*, 142 F. Supp. 3d 594, 596 (S.D. Ohio 2015) (quoting *Omar v. Holder*, 756 F. Supp. 2d 887, 896 (S.D. Ohio 2010) (alteration in original). Nearly *all* courts, however, that "have considered this question[,] remand the case to USCIS." *Id.* As the Southern District of Ohio has explained, "[a] district court is ill-suited to decid[e] a naturalization petition; it does not have the resources or experience to properly evaluate the multitude of individual factors that must be considered." *Musaad v. Mueller*, 627 F. Supp. 2d 804, 809 (S.D. Ohio 2007). Rather, when the law entrusts a governmental agency to make certain decisions, "the proper course, except in rare

5

circumstances, is to remand to the agency for additional investigation or explanation." *I.N.S. v. Ventura*, 537 U.S. 12, 16 (2002) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)) (noting that the policy favoring remand to executive agencies "has obvious importance in the immigration context").

Contrary to Plaintiff's argument, remand is appropriate even when defendants fail to provide a clear explanation as to why the delay has occurred and do not claim to be awaiting any further information from other agencies. *See Yan Wu*, 142 F. Supp. 3d at 597; *see also Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 843-44 (E.D. Mich. 2006) (holding that even though the background check had been completed, remand was appropriate because the defendants had much more expertise in interpreting the results and analyzing all of the application's criteria).

While some courts have chosen to adjudicate the naturalization applications, and denied the requisite motions for remand, those cases involved *extreme* delay. *See Chebli v. Chertoff*, 2007 WL 2571967, at *3-4 (E.D. Mich. Sept. 4, 2007) (denying motion to remand when 1,310 days, or over three years had passed since plaintiff's interview); *Attisha v. Jenifer*, 2007 WL 2637772, at *3 (E.D. Mich. Sept. 6, 2007) (denying remand where name check request was pending for over two years). No such extreme delay exists here.

Accordingly, based on the statutes, case law, and relevant policy considerations, remand is appropriate here. Although the Court has jurisdiction to hear Plaintiff's Application, the Court is not equipped to fully adjudicate Plaintiff's Application. Rather, Congress has given the authority and resources to USCIS to do so, and the Court recognizes such congressional intent here. Further,

remanding the case at this juncture does not preclude Plaintiff's entitlement to a full judicial review on a complete administrative record should he seek judicial review after USCIS issues its decision.

The Court next turns to the issue of whether it will implement a deadline for USCIS to adjudicate Plaintiff's Application. First, of note, while Plaintiff states that it has been one year and eight months since Plaintiff filed his Application, the relevant date under 8 U.S.C. § 1447(b) is the date of the examination, which is considered the date of Plaintiff's interview. *See Yan Wu*, 142 F. Supp. 3d at 596. Because Plaintiff's initial interview took place on July 29, 2021, it has been 390 days since Plaintiff's examination, the time period the court will use to evaluate whether there has been extreme delay.

When courts choose to impose deadlines on USCIS in adjudicating applications, a long delay has usually occurred. *See e.g.*, *Al-Mohammed v. USCIS*, 2007 WL 2004866, at *4 (E.D. Mich. July 9, 2007) (imposing 120-day deadline after four years had passed since applicant's interview); *Shendaj v. Dedvukaj*, 543 F. Supp. 2d 724, 728 (E.D. Mich. 2008) (imposing deadline after 45 months passed since interview); *see also Patel v. Hansen*, 2008 WL 148947, at *2 (S.D. Ohio Jan. 14, 2008) (not imposing deadline after 2 years had passed, but noting that if another 120 days passed, the Court would find it appropriate to "determine the matter"); *but see Yan Wu*, 142 F. Supp. 3d at 597 (imposing a 120-day deadline after nine (9) months had passed since the applicant's interview, because defendants had not provided a clear explanation for their delay). Rather, the courts "do[] not presume to have sufficient knowledge of how long it takes [the agencies] to make this decision with which they have been tasked." *Omran v. USCIS*, 2019 WL 4256853 (N.D. Ohio Sept. 9, 2019) (quoting *Issa v. Mueller*, 486 F. Supp. 2d 668, 674 (E.D. Mich. 2007)) (alteration in original).

Because no extreme delay has occurred here, and because USCIS states that it is ready to soon issue a notice of intent to deny Plaintiff's Application, the Court determines that the proper course of action is to remand this case to USCIS without imposing a specific deadline for completing its consideration of Plaintiff's application. The Court, however, does instruct USCIS to complete its consideration of Plaintiff's Application "as quickly as possible without sacrificing the necessary degree of thoroughness." *See Issa*, 486 F. Supp. 2d at 674.

IV. **Conclusion**

Accordingly, and for all the reasons set forth above, Defendants' Motion to Remand to USCIS for Adjudication (Doc. No. 10) is GRANTED.

**IT IS SO ORDERED.**

Dated: August 23, 2022   *s/Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE